# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

ELIZABETH R. ILAGAN,

              Plaintiff,

vs.

SEC. ROBERT MCDONALD, Dept. of Veterans

Affairs, *et al.*,

              Defendants.

Case No. 2:16-cv-01209-APG-VCF

**ORDER**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 1)
COMPLAINT (ECF NO. 1-1)
MOTION TO APPOINT COUNSEL (ECF NO. 1-3)

      This matter involves Plaintiff Elizabeth Ilagan's civil rights action against Sec. Robert McDonald, Dr. Bryan Werner, and Does 1 through 100.  (ECF No. 1-1).  Before the court are Ilagan's application to proceed *in forma pauperis* (ECF No. 1), complaint (ECF No. 1-2), and motion to appoint counsel (ECF No. 1-3).  For the reasons stated below, Ilagan's application to proceed *in forma pauperis* is granted and she may proceed with this action.  Additionally, Ilagan's motion to appoint counsel is granted.

## I.    *In Forma Pauperis* Application

      Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. The court may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs.  *See* 28 U.S.C. § 1915(a)(1).  The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor."  A person is eligible if they are unable to pay the costs of filing and still provide the necessities of life.  *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (internal quotations emitted).

Here, Ilagan's application to proceed *in forma pauperis* states that she is unemployed and has zero income. Accordingly, Ilagan's application is granted.

## II. Section 1915(e) Screening

### a. Relevant Substantive Law

Under section 1915(e), upon granting a request to proceed *in forma pauperis*, a court must screen a complaint to determine whether the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).

To consider whether a complaint has stated a claim upon which relief can be granted, the court must accept all material allegations as true and construe said allegations in the light most favorable to the Plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). If the complaint should be dismissed under section 1915(e), the Plaintiff should be allowed to amend the complaint to cure its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

Title VII renders it unlawful "for an employer ... to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). "To establish a *prima facie* case under Title VII, a plaintiff must offer proof: (1) that the plaintiff belongs to a class of persons protected by Title VII; (2) that the plaintiff performed his or her job satisfactorily; (3) that the plaintiff suffered an adverse employment action; and (4) that the plaintiff's employer treated the plaintiff differently than a similarly situated employee who

does not belong to the same protected class as the plaintiff." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006).

The plaintiff in a Title VII claim carries the initial burden of proving a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1973). The burden then shifts to the employer to defend against the claim with a legitimate, nondiscriminatory reason for the employee's action. *Id.* Upon a showing of a legitimate, nondiscriminatory reason, the burden again shifts to the plaintiff to show that the defendant's stated reason for their actions was in fact pretext. *Id.*

Under Title VII, it is unlawful to retaliate against an employee for opposing unlawful discrimination. 42 U.S.C. § 2000e–3(a) (2003). "To establish a prima facie case of retaliation under Title VII, [the plaintiff] must show 1) that he acted to protect his Title VII rights; 2) that an adverse employment action was thereafter taken against him; and 3) that a causal link existed between the two events." *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1124 (9th Cir. 2004). Retaliation may also be shown using the *McDonnell Douglas* burden shifting framework. *Id.*

The Age Discrimination in Employment Act (the "ADEA") of 1967 renders it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623. The ADEA protects federal employees and applicants for federal employment who are at least forty years of age. *Id.* at §§ 631(a), 633a(a). Age discrimination may also be shown using the *McDonnell Douglas* burden shifting framework. *Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1049 (9th Cir. 2012).

A claim for intentional infliction of emotional distress "must establish: (1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2)

3

the plaintiff's having suffered severe or extreme emotional distress, and (3) actual or proximate causation." *Dillard Dep't Stores, Inc. v. Beckwith,* 989 P.2d 882, 886 (Nev. 1999) (internal quotations emitted).

A claim of negligent infliction of emotional distress must establish (1) the defendant acted negligently (i.e. breached a duty owed to plaintiff) and (2) either a physical impact or proof of serious emotional distress causing physical injury or illness." *Switzer v. Rivera*, 174 F. Supp. 2d 1097, 1109 (D. Nev. 2001) (internal quotations emitted).

### b. Discussion

Here, Ilagan sufficiently states a claim for discrimination. Ilagan is a Filipina woman over the age of forty who worked for the Department of Veteran Affairs (the "VA") from 1997 until her termination on August 9, 2014. In addition, Ilagan served as the Manager of the Asian Pacific Islander Special Emphasis Program (the "Program"). On May 1, 2016, Ilagan filed a complaint for discrimination, harassment, and retaliation based upon her race, national origin, age, and prior activity filing with the EEOC.[1] She states she was involuntarily transferred departments, continuously denied time to complete duties as manager of the Program, and suspended. She alleges her supervisor, Dr. Werner, created a hostile work environment based on her origin, race, age, and in retaliation for discrimination complaints to the EEO against him prior to being suspended. Ilagan states a plausible claim under Title VII and the ADEA.

\\\

\\\

---

[1] Ilagan also alleges intentional/negligent infliction of emotional distress. She states she suffers from "severe emotional and physical distress" as a result of Defendants' actions. Ilagan states a plausible claim for intentional and negligent infliction of emotional distress.

### III.    Motion to Appoint Counsel

There is no constitutional right to appointed counsel in a federal civil rights action.  *See, e.g.*, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *op. reinstated in pertinent part*, 154 F.3d 952, 954 n. 1 (9th Cir. 1998) (en banc).  Under 28 U.S.C. § 1915(e)(1), the district court may request that an attorney represent an indigent civil litigant.  *See, e.g.*, *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.1986); 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.").

While the decision to request counsel is a matter that lies within the discretion of the district court, the court may exercise this discretion to request or "appoint" counsel only under "exceptional circumstances."  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991).  "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the issues involved.  Neither of these factors is dispositive and both must be viewed together before reaching a decision."  *Id.*  The burden rests upon the Plaintiff to demonstrate that this standard has been met.  *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *op. reinstated in pertinent part*, 154 F.3d 952, 954 n. 1 (9th Cir. 1998) (en banc).

Here, Ilagan's motion sufficiently states a prima facie case of discrimination.  Although Ilagan has drafted an adequate complaint (ECF No. 1-2), discrimination cases are complex.  Ilagan would benefit from the appointment of counsel since she is permitted to proceed with her case.  Ilagan is therefore referred to the pro bono pilot program for appointment of counsel purposes identified herein.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Ms. Ilagan's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Ms. Ilagan is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security.  This order granting *in forma pauperis* status does not extend to the issuance or service of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of the Court file the complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that the Clerk of the Court issue summons to Robert McDonald and Dr. Bryan Werner and deliver the summons and Complaint (#1-1) to the U.S. Marshal for service, and send blank copies of the USM-285 forms to the plaintiff.

IT IS FURTHER ORDERED that the plaintiff shall have twenty (20) days to furnish to the U.S. Marshal the required USM-285 forms.  Within twenty (20) days after plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, plaintiff must file a notice with the court identifying which defendants were served and which were not served, if any.  If the plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendants, then a motion must be filed with the court identifying the unserved defendants, specifying a more detailed name and address, and indicating whether some other manner of service should be used. Pursuant to the Federal Rules of Civil Procedure Rule 4(m), service must be accomplished within ninety (90) days from the date that the complaint was filed.

IT IS FURTHER ORDERED that from this point forward, Plaintiff must serve upon defendants, or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration by the court.  Plaintiff must include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or their counsel.  The court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

IT IS FURTHER ORDERED that Ms. Ilagan is referred to the pro bono pilot program for general appointment of counsel.

IT IS SO ORDERED.

### NOTICE

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address.  The notification must include proof of service upon each opposing party of the party's attorney.  **Failure to comply with this Rule may result in dismissal of the action**. *See* LSR 2-2.

DATED this 16th day of June, 2016.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

7